Alvarenga Vides v. Blanche

BIA
Straus, IJ
A209 866 562/563

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10ᵗʰ day of June, two thousand twenty-six.

PRESENT:
        SUSAN L. CARNEY,
        JOSEPH F. BIANCO,
        SARAH A. L. MERRIAM,
                *Circuit Judges.*
_____

PATRICIA ELIZABETH ALVARENGA
VIDES, J.J.G.A.,∗
        *Petitioners*,

        v.                                                        **24-301**
                                                                  **NAC**

TODD BLANCHE, ACTING UNITED

_____

∗ We have used only initials to refer to the minor petitioner in this publicly accessible order, in accordance with Federal Rule of Civil Procedure 5.2(a)(3) and Federal Rule of Appellate Procedure 25(a)(5).

**STATES ATTORNEY GENERAL,**
        *Respondent.*
_____

**FOR PETITIONERS:**                    Glenn L. Formica, Formica P.C., New Haven, CT.

**FOR RESPONDENT:**                    Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant Director; Raya Jarawan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Patricia Elizabeth Alvarenga Vides and her minor son, natives and citizens of El Salvador, seek review of a January 9, 2024 decision of the BIA affirming a June 15, 2021 decision of an Immigration Judge ("IJ") denying Alvarenga Vides's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Patricia Elizabeth Alvarenga Vides*, Nos. A 209 866 562/563 (B.I.A. Jan. 9, 2024), *aff'g* Nos. A 209 866 562/563 (Immig. Ct. Hartford June 15, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review fact-finding and the application of law to fact for substantial evidence, *Urias-Orellana v. Bondi*, 146 S. Ct. 845, 851 (2026), and we review questions of law de novo, *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

**I.     Motion to Terminate**

The agency did not err in denying Alvarenga Vides's motion to terminate. *Perriello v. Napolitano*, 579 F.3d 135, 138 (2d Cir. 2009) (reviewing de novo claim that IJ "erred as a matter of law" in denying motion to terminate). She argues that her notice to appear ("NTA") was insufficient to vest jurisdiction with the agency because it omitted date and time information about the hearing. In making this allegation, she relies on *Pereira v. Sessions*, 585 U.S. 198 (2018), and *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), which held that an NTA that does not specify a date and time is insufficient to stop the accrual of presence or residence time for purposes of cancellation of removal under 8 U.S.C. § 1229b(d)(1). But we have held that those decisions do not bear on the agency's jurisdiction and that an NTA

3

that omits such hearing information is sufficient to vest jurisdiction in an IJ "so long as a notice of hearing specifying this information is later sent to the alien." *Banegas Gomez v. Barr*, 922 F.3d 101, 112 (2d Cir. 2019); *see also Chery v. Garland*, 16 F.4th 980, 987 (2d Cir. 2021) ("*Banegas Gomez* remains good law even after the Supreme Court's opinion in *Niz-Chavez*."). The IJ had jurisdiction here because Alvarenga Vides later received hearing notices specifying the time and place, as reflected by her appearance at the hearings.

Moreover, the time and date requirement for an NTA has been held to be a claim-processing rule; any objection to the NTA's adequacy is therefore forfeited if not timely raised. *See Penaranda Arevalo v. Bondi*, 130 F.4th 325, 335–37 (2d Cir. 2025); *Matter of Fernandes*, 28 I. & N. Dec. 605, 610–11 (B.I.A. 2022). Not long after receiving the NTA, Alvarenga Vides submitted written pleadings in which she conceded service of the NTA, the allegations it contained, and removability as charged. She did not move to terminate until three years later, shortly before her merits hearing. She therefore forfeited the objection.[1]

---

[1] Alvarenga Vides's reliance on *Campos-Chavez v. Garland*, 602 U.S. 447 (2024), is unavailing. At issue there was whether the petitioners, whose NTAs omitted the hearing date and time, were eligible to seek rescission under 8 U.S.C. § 1229a(b)(5)(C)(ii) of removal orders that were entered in their absence. *Id*. at 450-51. The Supreme Court held that the government's failure to provide such information in an initial NTA does not

That the pleadings in Alvarenga Vides's case closed before the BIA's decision in *Fernandes* does not affect our forfeiture decision. *See Penaranda Arevalo*, 130 F.4th at 337 ("Penaranda did not need *Fernandes* to frame an argument that his [NTA] was deficient" because that "provision has been on the books since 1997, and all [he] had to do to raise this argument was to compare his [NTA] to the statute itself."). Alvarenga Vides's reliance on *Matter of Aguilar Hernandez*, 28 I. & N. Dec. 774 (B.I.A. 2024), in which the agency rejected the Department of Homeland Security's attempt to cure a defective NTA with another document, is misplaced, because in that case the petitioner moved to terminate before pleadings were submitted. *Id*. at 775–77.

Alvarenga Vides also contends that we should revisit *Chery* and *Banegas Gomez* in light of *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024). In *Loper Bright*, the Supreme Court ended the *Chevron* deference earlier afforded to agency statutory interpretations, holding that courts should "exercise independent judgment in determining the meaning of statutory provisions." *Id*. at 394. But

render a petitioner eligible for rescission of a removal order if the missing information is supplied to the petitioner in a subsequent timely notice. *Id*. at 457. *Campos-Chavez* has no application here.

we have already rejected the argument Alvarenga Vides makes. *See Penaranda Arevalo*, 130 F.4th at 335–36 (explaining that "Penaranda's reliance on *Loper Bright* is unavailing," because *Banegas Gomez* "held that omission of the time and place from a notice to appear does not deprive an [IJ] of jurisdiction over removal proceedings" and did not "rely on *Chevron* deference"). And in any event, the Supreme Court itself declared in *Loper Bright* that it did "not call into question prior cases that relied on the *Chevron* framework." 603 U.S. at 412.

## II.     Asylum, Withholding of Removal, and CAT relief

Alvarenga Vides does not challenge the dispositive bases for the agency's denial of asylum and related relief: the agency's determinations that the six extortion calls she received in El Salvador were not sufficiently severe to constitute past persecution; that no nexus existed between the calls and a protected ground; and that she did not provide any evidence that anyone in El Salvador continued to seek her out. She has accordingly abandoned any such challenges. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)).

6

Instead, Alvarenga Vides advances only one argument on appeal with respect to these claims: that, by finding no past persecution, the IJ necessarily and improperly disbelieved her testimony without making any adverse credibility finding.  But, in making this argument, she ignores the IJ's stated reasoning that, absent some allegation of harm or attempt to harm her, six extortion calls do not constitute persecution.  *See Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (explaining that, for threats to constitute persecution, "an applicant must adduce objective evidence that the threat was so imminent or concrete or so menacing as itself to cause actual suffering or harm" (internal citations and quotation marks omitted)); *Huo Qiang Chen v. Holder*, 773 F.3d 396, 406 (2d Cir. 2014) (explaining that, generally, "threats of persecution, no matter how credible, do not demonstrate past persecution").  Contrary to Alvarenga Vides's characterization, the IJ took her allegations as true and then correctly concluded that the facts alleged did not constitute past persecution.  The IJ's statements about insufficient evidence referred to her failure to allege facts sufficient to meet the legal standards for the relief requested, not to issues with credibility or missing documentary evidence.  *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if . . .

7

the applicant's testimony . . . refers to specific facts sufficient to demonstrate that the applicant is a refugee.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court